UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Estela Alosi,<br>Plaintiff,<br><br>v.<br><br>Kirk Commercial Construction, LLC,<br>Defendant. | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to § 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, and pursuant to Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. §630.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. The charge of employment discrimination on basis of disability discrimination, age discrimination, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. The Plaintiff, Estela Alosi, is a citizen and resident of Richland County, South Carolina.

6. The Defendant, Kirk Commercial Construction, LLC, is upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e; ADA; and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The Defendant employs twenty (20) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, §101(5) (a) of the ADA U.S.C. §12111 (5) (A), and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

10. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e; ADA; and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

11. The parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. On or about January 19, 2019, Plaintiff began working for the Defendant as the Director of Finance and Administration. At all times, the Plaintiff was efficient and effective in her work.

13. The Plaintiff was fifty-eight (58) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

14. On or about February 9, 2021, the Plaintiff injured her back and arm while at work. The Plaintiff immediately reported her injury to Defendant owner, Christopher Kirk, and filed a workers' compensation claim. The Plaintiff is a person with a disability as defined by the ADA.

15. The Plaintiff worked from home due to her injuries until on or about November 11, 2024. The Plaintiff presented a note from the doctor stating Plaintiff could work as tolerated. The Plaintiff requested accommodation due to her restriction, but it was denied.

16. Between February 2021 and November 2024, Plaintiff worked from home, and she was also made to train a much younger, inexperienced female, in her thirties, to do Plaintiff's job.

17. Plaintiff came back to work in the office on November 14, 2024 after having surgery for her work related injury, and requested an accommodation per her doctor's note, but it was denied.

18. On or about November 15, 2024, the Plaintiff was terminated by Mr. Kirk in retaliation to Plaintiff's age, disability, and workers' compensation claim.

19. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

20. Following Plaintiff's termination, the Plaintiff became aware that the Defendant hired a younger employee (under 40), with less experience.

21. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff is an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

22. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job in Defendant's employment, and who requested reasonable accommodation.

23. The Plaintiff asserts that the reasons given for her termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on her disability.

24. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

26. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

27. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

28. Plaintiff informed Defendant of her disability and required accommodation. Plaintiff requested accommodation due to his disability. Defendant decided to deny the accommodation and terminated Plaintiff's position and caused her to lose pay and benefits, including but not limited to health benefits, in retaliation for her medical disability.

29. Defendant, its agents and employees, without just cause refused to provide accommodation to Plaintiff due to her medical disability and continues to refuse to employ Plaintiff forcing her to lose pay and all of his benefits in violation of the Americans with Disabilities Act.

30. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

31. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees,

Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

32. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

35. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

36. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

37. Despite being a person with a disability, the Plaintiff can perform the essential functions of her job.

38. Defendant initially agreed to Plaintiff's request for reasonable accommodation, then abruptly denied them and since has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation for employment.

39. Based on Plaintiff's disability and request for accommodation, Defendant retaliated against the Plaintiff in her employment, in violation of the Act.

40. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. Plaintiff is a member of a protected group on the basis of her age.  Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old.  Plaintiff was retaliated against and terminated from her position due to her age in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

43. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to her age; and

   b. In discharging Plaintiff due to her age.

44. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

45. Employees outside of the Plaintiff's protected class were treated more favorably by the Defendant.

46. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age and reporting of discrimination she would not have been terminated.

47. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, back pay, front pay, lost benefits, attorneys fees and costs, and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
### Retaliatory Discharge §41-1-80

48. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

49. The Plaintiff's termination arose directly from the Plaintiff's work-related claims.

50. The Plaintiff's termination, in fact, was retaliatory in nature for the Plaintiff's workers' compensation claim and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

51. The Plaintiff's institution of a workers' compensation claim was a substantial factor in bringing about her discharge.

52. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

53. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to back wages, interest in those back wages and bonuses from the date of her termination to the present date, and front pay for wages she will lose in the future.

54. Because of such wrongful and retaliatory discharge by the Defendant, its agents and employees, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation

55. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

56. That as alleged above, Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

57. That Plaintiff's requested accommodations were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

58. That shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

59. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

60. The Plaintiff's disability and filing of a workers' compensation claim were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's association disability and filing of a workers' compensation claim, she would not have been terminated.

61. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

62. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

63. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

64. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

65. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental

anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

66. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/*Matthew O. King*
Jarrel L. Wigger (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
November 12, 2025